**The People of the State of Illinois, ex rel. Theodore Forby, Appellee, v. John H. Sayrs et al., Appellants.**

## Gen. No. 5451.

Stipulations—*when court not authorized to adjudicate case.* Held, that the stipulation set forth in this opinion did not authorize the court finally to determine the cause during vacation nor did such stipulation authorize the court to pass upon any question whatever at any time in any county other than that in which the cause was pending.

*Quo warranto.* Appeal from the Circuit Court of Lake county; the Hon. Robert W. Wright, Judge, presiding. Heard in this court

at the October term, 1910.   Reversed and remanded.   Opinion filed March 16, 1911.   Rehearing denied April 6, 1911.

COOKE, POPE & POPE, for appellants.

RALPH J. DADY and GEORGE W. FIELD, for appellees.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

The People, on the relation of Theodore Forby, filed a petition in *quo warranto* in the Circuit Court of Lake county against John H. Sayrs and F. E. Welton, the appellants, and Edward G. McArdle, to show by what right they claimed to exercise the office of alderman of the city of Zion in said county.   Summons was issued and served upon Sayrs and Welton, but McArdle had moved into another state, and was never served, and does not participate in this appeal.   Sayrs and Welton each filed three pleas, which were all disposed of by motions to strike from the files and upon demurrer. Upon leave given to amend said pleas and to file additional pleas, each appellant filed an amended plea and an additional plea.   Thereafter there was a stipulation or agreement, entered into by both sides in open court in term time, as follows:

"By agreement of the said parties by their said attorneys all questions arising on pleadings are to be heard and determined by the court in vacation and the said matter to be determined by the court on three days notice given by either party or by the court to both parties."

Thereafter, and during the vacation of the Circuit Court of Lake county, a notice was served by appellee upon the attorneys for appellants to appear before the three judges of the circuit at Belvidere, the county seat of Boone county, on August 6, 1910, at which time and place appellee would appear and request said judges to dispose of the plea and amendments thereto which had been filed and the motion and demurrer which had been filed thereto.   Appellants

did not appear at Belvidere on the date specified in the notice, although they filed with the circuit clerk of Lake county written objections to any action of the court at the proposed hearing at Belvidere except to grant leave to re-file the demurrers. At the time and place specified in said notice the cause was taken up before the three judges of that circuit and after a hearing in the absence of appellants one of said judges signed an order which was soon thereafter filed in the office of the clerk of the Circuit Court of Lake county and entered of record in vacation, striking the pleas from the files, ordering the demurrers thereto re-filed and sustained the demurrers. This order further contained a judgment of ouster against appellants, and fined each of them $1.00 and costs and awarded execution. This is an appeal by Sayrs and Welton from said judgment.

Appellee relies upon the stipulation or agreement, quoted above, as a justification of the action of the court in entering a final order in the cause in vacation and in another county than that in which the cause had been commenced and was pending. We cannot agree with the lower court in its reading and interpretation of that stipulation. The language of the agreement is that "all questions arising on pleadings" could be determined by the court in vacation, and it gives no authority to the court to try the cause and determine the issues of fact and law. The further language of the stipulation that "the said matter be determined by the court on three days' notice" can only be construed, in our judgment, as referring to "all questions arising on pleadings." Nor do we consider that the said stipulation could be construed as giving the court any power, in vacation or at any other time, to hear and determine even "all questions arising on pleadings" at the county seat of another county. The statutes of this State are very clear as to the precise powers possessed by the several judges of the circuit courts in vacation, and the power to en-

ter a final order or judgment in vacation in a common law action is not included therein. Appellee, in its argument, recognizes this limitation on the vacation powers of the judge, and depends entirely upon the stipulation to justify the entering of the final order, arguing that if the wording of the stipulation means anything, it clearly means that the court in vacation was at liberty to adjust and settle the pleadings and to determine the matter in vacation upon terms of notice indicated in said stipulation. We do not consider the meaning of the stipulation to be as broad as contended for by appellee, and are of opinion that the court erred in entering a final order in this cause in vacation, and also in taking any action whatever in the cause in another county than Lake county. Sections 38 and 60 of Chapter 37 of the Revised Statutes provide that the Circuit Court of the several counties in this state shall be held in the court houses of such counties, and that all suits shall be tried in the county in which they are instituted except as otherwise provided by law. The exceptions referred to do not cover the case at bar, and we can see no ground upon which the court would have been justified in taking any action whatsoever in this cause in Boone county or in any other county outside of Lake county. For these reasons the entire order of August 6, 1910, must be reversed and the cause remanded for further proceedings in conformity with this opinion.

As this order will leave the pleadings undetermined, we deem it proper to make a suggestion at this point for the guidance of counsel. Certain pleas were amended by appellants, by leave of court, by filing a document which stated that certain words were to be inserted on such a page and on such a line and certain other words at such other page and line. The pleas contained in the record before us are not paged to correspond with the paging of the original pleas on file in the court below, and this method of amend-

ment makes it impossible for any court of review to determine where it was intended that the additional matter, or amendment, should be inserted. We are of opinion that the court below should require appellants to prepare their pleas anew, with the additional matter inserted in the proper places, or else that the amendment be written upon the margin of the pleas, indicating specifically the point where the insertion shall be made, so that if the case should again come to this court, we may be able to know how the plea was intended to be read after amendment.

Appellee argues that the pleas in question were bad in that they did not show sufficient title to the offices, while appellants argue that they did show good title. Neither side points out wherein the pleas are either good or bad. This is not that aid from counsel which we shall expect if this case again comes before us upon the pleadings.

*Reversed and remanded.*